In re J.R. McCONNELL, Debtor,

Peter JOHNSON, Trustee, Plaintiff,

v.

GIBRALTER SAVINGS & LOAN, ASSOCIATION, et al., Defendant.

Bankruptcy No. 86–10017–H3–11.
Adv. No. 87–0017–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 20, 1987.

Mark Browning, Sheinfeld, Maley & Kay, Houston, Tex., for debtor.

Peter Johnson, Houston, Tex., Trustee.

Mary Lou Andrews, Baker, Brown, Sharman & Parker, Houston, Tex., for defendant.

## ORDER DENYING PRELIMINARY INJUNCTION

LETITIA Z. TAITTE, Bankruptcy Judge.

This is a highly unusual case in which the Trustee labors under particularly difficult circumstances as a result of the Debtor's failure to keep, or in any event make available to the Trustee, adequate books and records. According to credible testimony, Debtor has held numerous parcels of real property, single family, multifamily, and large development projects, in his own and other names, often as d/b/a's or limited partnerships, and has given more than one first lien on many parcels.

Trustee has sought to enjoin all 11 U.S.C. § 362 motions for 180 days.

While the Court is aware of the difficulties the Trustee must necessarily encounter, the Court must be guided by the standards for issuance of a preliminary injunction. Taking those enumerated in *Commonwealth Life Insurance Co. v. Neal*, 669 F.2d 300 (5th Cir.1982), the Court finds an insufficient showing for the granting of an injunction. There has been no probability of success on the merits shown as to the named defendants. The Trustee has testified that, due to the chaos in which the Trustee has found the Debtor's books and records, he is often unable to determine probability of success on the merits as to various defendants herein within the 30 days provided by the statute for preliminary hearings on 11 U.S.C. § 362 matters. Similarly, as of the time of the hearing on the preliminary injunction which he has sought herein, he has been unable to determine probability of success as to the named defendants.

Additionally, it is clear that harm to at least one defendant, Dee Kinser on behalf of her elderly mother, outweighs harm to the estate. If Mrs. Kinser, whose mother's support comes from her monthly income from a note on the house she sold to Debtor, is enjoined from pursuing the relief from stay which she seeks, she will be prohibited from foreclosing on the house and thus from realizing income from it.

As to harm to other defendants, it is acknowledged that there may be lienholders not yet known or named as defendants who may pursue claims on real property as to which named defendants herein would be enjoined from seeking relief.

There is an inadequate showing as to public interest; no unsecured creditors came forward to support the Trustee. Secured creditors, presumably including those who may hold competing first liens on a single parcel of real property, oppose the enjoining of relief from stay motions.

It is possible that the estate will suffer irreparable harm absent the requested injunction. However, this alone will not support issuance of an injunction.

Accordingly, this Court denies the Trustee's requested preliminary injunction

It is so ORDERED.